Davis, J.,
delivered the opinion of the court:
Alleging a contract with the United States, plaintiff seeks in this action to recover royalty for the use of an improvement in mail bags patented by him. The invention is thus described in the claim upon which letters patent were issued: “ A mail bag having a bottom ¡with turned-up circumferential flange, and having sides overlapping said flange and secured thereto by two or more rows of metal-headed rivets, substantially as described.” The same description applies to the Government bag, except that only one row of rivets is used. Is this reduction in the rows of rivets a material change? Is it an essential part of plaintiff’s patent that there should appear in the bag at least two rows of rivets?
The object of the invention, he states (in the specifications), is to so improve the bags as to cause them to retain their form more perfectly and to prevent them from wearing away at the edge around the bottom by being drawn along over the ground when filled, and “to this end” he constructs the bottom with • a turned-up flange, secured to the bag “by two or more rows of headed rivets that protect the outside of the bag from injury. Further on he expresses preference for a flange “from an inch and a half to two inches and a half in width,” to be secured by means of two or more “rows of metal rivets.” Again he-describes the leather at the flange as of “two thicknesses,” secured together along their “upper edge and also *69 along their lower edge” — here describing at least two rows of rivets — and “ the heads of the two rows of rivets effectually protect the outside of said rim from injury when the bag is dragged along the ground.” Plaintiff expressly says ‘ ‘ a narrow rim secured together by a single row of rivets will not answer the purpose; * * * three rows of rivets will answer the purpose, but practically no better than two rows, although more expensive.” “With two rows of such rivets * * * and a flange wide enough to give each row a good hold upon the leather without being too near the edges thereof, every essential condition is fulfilled.”
The vital elements of plaintiff’s invention, then, are, as he states explicitly, first the broad flange, second the two or more rows of rivets. In the Government bag we find a one-inch flange with a single row of rivets; an essential element of the patented combination being absent. This at first glance seems a very narrow construction of the patent; but if this patent can stand at all it must be upon very narrow ground. The fastening together of overlapping pieces of leather by means of a row or two or more rows of rivets is ancient. The circular mail-bag bottom with a flange over which lap the walls of the bag, which are there fastened by a single row of rivets, is nearly as old as the mail service. Merely broadening the flange can not be considered invention, nor can an increase of the number of rivets used in fastening the flange to the bag demand more than mechanical skill. We do not think the combination of the two was a patentable device, but if it were, then the device as patented is not found in defendant’s bags. Petition dismissed.
Weldon, J., did not sit in this case and took no part in the decision.